FEE PAID   RDDJ

N/S

FILED

CLERK, U.S. DISTRICT COURT

09/04/2025

CENTRAL DISTRICT OF CALIFORNIA

BY ___ gsa ___ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF

CALIFORNIA

Adrianne Bell,

Sui Juris, Fiduciary

v.

DCFS Wateridge, et al

**Case:** 2:25-cv-08473-AB-AJR

**Verified Petition for Writ of Scire Facias to Vacate Void Judgment**
**Under FRCP 60(d)(1), FRCP 60(d)(3), and 28 U.S.C. § 1651 (All Writs Act)**

Comes now Petitioner, Adrianne Bell, sui juris, in fiduciary capacity over bonded trust estate property, presenting this verified petition for Writ of Scire Facias to vacate judgments entered without jurisdiction, procured by fraud, and sustained in violation of fiduciary rights, equitable principles, and trust law. This action is brought under: FRCP 60(d)(1) – Independent action in equity to relieve from judgment. FRCP 60(d)(3) – Fraud on the court. 28 U.S.C. § 1651 – All Writs Act authority for extraordinary relief.

**AFFIDAVITS**

Affidavit of Fiduciary Relationship Establishes Petitioner's fiduciary capacity and guardianship over bonded estate property.

**Affidavit of Injury**

Establishes irreparable harm suffered by Petitioner and bonded estate property.

**Judicial Notice of Record Evidence**

Exemplified Birth Records (official estate identity), DBA / Trade Name Registrations (fiduciary control) Reunification Order (ignored in violation of Full Faith & Credit) Restraining Order (evidence of retaliation) Securitization Audit & Findings (commercial trafficking of estate property)

**NOTICE & DEMAND:** Petitioner gives judicial notice and demands as a matter of right, not as a plea for relief, that: All orders and judgments entered against bonded trust estate property without jurisdiction are void ab initio. All such void judgments are subject to vacatur under Throckmorton, Hazel-Atlas, and controlling precedent. The exemplified records, affidavits, and exhibits establish a record of fraud, injury, and fiduciary standing, which cannot be lawfully ignored.

**VERIFICATION**

I, Adrianne Bell, Sui Juris, Private Woman, Fiduciary and Guardian of Bonded Trust Estate Property, do hereby verify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true, correct, and complete to the best of my knowledge, belief, and understanding.

Executed this 4th day of September, 2025 See Exhibits A–H attached

Adrianne Bell,
Sui Juris, Fiduciary



**LOS ANGELES COUNTY**
**REGISTRAR-RECORDER/COUNTY CLERK**

**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

## PUBLIC OFFICIAL CERTIFICATE

I, Dean C. Logan, County Clerk of the County of Los Angeles, State of California do hereby certify that <u>DEAN C. LOGAN</u> whose name is attached to the annexed <u>Birth Certificate</u>, STATE OF CALIFORNIA, is now and was at the date thereof HEALTH OFFICER AND LOCAL REGISTRAR OF BIRTHS AND DEATHS in and for said County, duly elected/appointed/commissioned and qualified, and authorized by law to sign the same, and full faith and credit are due to all his/her official acts as such officer. I further certify that I am well acquainted with the handwriting of said official and believe that the signature to said annexed instrument is genuine.

(Valid only if the certification bears the embossed Seal of the Registrar-Recorder/County Clerk.)

IN WITNESS WHEREOF, I execute this certificate and have hereunto set my hand and affixed the seal of said County this
__18th__ day of __August__, 2025

DEAN C. LOGAN
Registrar-Recorder/County Clerk



By: _____
BYRON PATTON JR, Deputy County Clerk

BRF01-Rev 3/3/2009

12400 IMPERIAL HIGHWAY, NORWALK, CA 90650                    LAVOTE.GOV



# COUNTY OF LOS ANGELES
## REGISTRAR–RECORDER/COUNTY CLERK

**CERTIFICATE OF LIVE BIRTH**
**STATE OF CALIFORNIA**

0190-101046

104-

| | | | | |
|---|---|---|---|---|
| **THIS CHILD** | 1A. NAME OF CHILD—FIRST: CLARENCE | 1B. MIDDLE: DEWAYNE | 1C. LAST: BOOKMAN | |
| | 2. SEX: MALE | 3C. SINGLE | 4A. DATE OF BIRTH—MONTH, DAY, YEAR: SEPTEMBER 30, 1980 | 4B. HOUR (24 Hour Clock Time): 1137 |
| **PLACE OF BIRTH** | 5A. PLACE OF BIRTH: Los Angeles County - USC Medical Center | | 5B. STREET ADDRESS: 1200 North State Street | |
| | 5C. CITY OR TOWN: Los Angeles | | 5B. COUNTY: Los Angeles County | |
| **FATHER OF CHILD** | 6A. NAME OF FATHER—FIRST: CLARENCE | 6B. MIDDLE: DEWAYNE | 6C. LAST: BOOKMAN | 7. STATE OF BIRTH: TEXAS / 8. AGE OF FATHER: 22 |
| **MOTHER OF CHILD** | 9A. BIRTH NAME OF MOTHER—FIRST: CYNTHIA | 9B. MIDDLE: DENISE | 9C. LAST: PINK | 10. STATE OF BIRTH: CALIFORNIA / 11. AGE OF MOTHER: 16 |
| **PARENT'S CERTIFICATION** | I CERTIFY THAT I HAVE REVIEWED... | 12A. PARENT OR OTHER INFORMANT SIGNATURE | | 12B. RELATIONSHIP TO CHILD: MOTHER / 12C. DATE SIGNED: 10/1/80 |
| **ATTENDANT'S CERTIFICATION** | I CERTIFY THAT I ATTENDED THIS BIRTH... | 13A. | R. WAITES / 1200 NORTH STATE STREET | 13B. LICENSE NUMBER: INTERN / 13C. DATE SIGNED |
| | 14. STREET OMISSION FROM SOLICITATION LINES | | | |
| **LOCAL REGISTRAR** | 15. DEATH—ENTER DATE OF DEATH | 16. LOCAL REGISTRAR—SIGNATURE | | 17. DATE: OCT 20 1980 |

AUG 06 2024

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.





**LOS ANGELES COUNTY
REGISTRAR-RECORDER/COUNTY CLERK**

**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

## PUBLIC OFFICIAL CERTIFICATE

I, Dean C. Logan, County Clerk of the County of Los Angeles, State of California do hereby certify that **DEAN C. LOGAN** whose name is attached to the annexed **Birth Certificate**, STATE OF CALIFORNIA, is now and was at the date thereof HEALTH OFFICER AND LOCAL REGISTRAR OF BIRTHS AND DEATHS in and for said County, duly elected/appointed/commissioned and qualified, and authorized by law to sign the same, and full faith and credit are due to all his/her official acts as such officer. I further certify that I am well acquainted with the handwriting of said official and believe that the signature to said annexed instrument is genuine.

(Valid only if the certification bears the embossed Seal of the Registrar-Recorder/County Clerk.)

IN WITNESS WHEREOF, I execute this certificate and have hereunto set my hand and affixed the seal of said County this

__18th__ day of ____August____ , 2025

DEAN C. LOGAN
Registrar-Recorder/County Clerk

By: _____
BYRON PATTON JR, Deputy County Clerk

BRF01-Rev 3/3/2009

# STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES
## REGISTRAR–RECORDER/COUNTY CLERK

## CERTIFICATE OF LIVE BIRTH
### STATE OF CALIFORNIA
### USE BLACK INK ONLY

**1201719072624**

| | | | |
|---|---|---|---|
| STATE FILE NUMBER | | | LOCAL REGISTRATION NUMBER |

**THIS CHILD**

| 1A NAME OF CHILD - FIRST | 1B MIDDLE | 1C LAST |
|---|---|---|
| HAZAIAH | - | BEN ISRAEL |

| 2 SEX | 3A THIS BIRTH, SINGLE, TWIN, ETC | 3B IF MULTIPLE THIS CHILD 1ST, 2ND, ETC | 4A DATE OF BIRTH - MM/DD/CCYY | 4B HOUR - 24 HOUR CLOCK TIME |
|---|---|---|---|---|
| MALE | SINGLE | - | 08/25/2017 | 0655 |

**PLACE OF BIRTH**

| 5A PLACE OF BIRTH - NAME OF HOSPITAL OR FACILITY | 5B STREET ADDRESS - STREET AND NUMBER, OR LOCATION |
|---|---|
| KAISER HOSPITAL: LA, CADILLAC | 6041 CADILLAC AVENUE |

| 5C CITY | 5D COUNTY |
|---|---|
| LOS ANGELES | LOS ANGELES |

**PARENT**

| 6A NAME OF PARENT - FIRST | 6B MIDDLE | 6C LAST - BIRTH NAME | 6D | 7 BIRTHPLACE STATE/COUNTRY | 8 DATE OF BIRTH |
|---|---|---|---|---|---|
| CLARENCE | DEMAYNE | BOOKMAN | ☐MOTHER ☒FATHER ☐PARENT | CA | 09/30/1980 |

**PARENT**

| 9A NAME OF PARENT - FIRST | 9B MIDDLE | 9C LAST - BIRTH NAME | 10 | 10 BIRTHPLACE - STATE/COUNTRY | 11 DATE OF BIRTH |
|---|---|---|---|---|---|
| ADRIANNE | LANETT | BELL | ☒MOTHER ☐FATHER ☐PARENT | CA | 04/13/1985 |

**INFORMANT AND BIRTH CERTIFICATION**

| I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 12A PARENT OR OTHER INFORMANT - SIGNATURE | 12B RELATIONSHIP TO CHILD | 12C DATE SIGNED |
|---|---|---|---|
| | | Mother | 08/26/2017 |

| I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR, AND PLACE STATED | 13A ATTENDANT/CERTIFIER - SIGNATURE AND DEGREE OR TITLE | 13B LICENSE NUMBER | 13C DATE SIGNED |
|---|---|---|---|
| | Laurena Quing MD | A128984 | 08/26/2017 |

| 13D TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT | 14 TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT |
|---|---|
| JACOB CASEY, MD, 6041 CADILLAC AVE, LOS ANGELES | LAWRENCE LURVEY, MD |

**LOCAL**

| 15A DATE OF DEATH - MM/DD/CCYY | 15B STATE FILE NO - STATE USE ONLY | 16 LOCAL REGISTRAR - SIGNATURE | 17 DATE ACCEPTED FOR REGISTRATION - MM/DD/CCYY |
|---|---|---|---|
| | | JEFFREY D GUNZENHAUSER, MD  SS | 09/06/2017 |

**AUG 06 2024**



This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk



**LOS ANGELES COUNTY**
**REGISTRAR-RECORDER/COUNTY CLERK**

**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

## PUBLIC OFFICIAL CERTIFICATE

I, Dean C. Logan, County Clerk of the County of Los Angeles, State of California do hereby certify that **DEAN C. LOGAN** whose name is attached to the annexed **Birth Certificate**, STATE OF CALIFORNIA, is now and was at the date thereof HEALTH OFFICER AND LOCAL REGISTRAR OF BIRTHS AND DEATHS in and for said County, duly elected/appointed/commissioned and qualified, and authorized by law to sign the same, and full faith and credit are due to all his/her official acts as such officer. I further certify that I am well acquainted with the handwriting of said official and believe that the signature to said annexed instrument is genuine.

(Valid only if the certification bears the embossed Seal of the Registrar-Recorder/County Clerk.)

IN WITNESS WHEREOF, I execute this certificate and have hereunto set my hand and affixed the seal of said County this

___18th___ day of ___August___ , 2025

DEAN C. LOGAN
Registrar-Recorder/County Clerk



By: _____

BYRON PATTON JR, Deputy County Clerk

BRF01-Rev 3/3/2009

12400 IMPERIAL HIGHWAY, NORWALK, CA 90650                    LAVOTE.GOV

## STATE OF CALIFORNIA
### CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
### REGISTRAR–RECORDER/COUNTY CLERK

104 -

**CERTIFICATE OF LIVE BIRTH**
**STATE OF CALIFORNIA**

STATE BIRTH CERTIFICATE NUMBER

I 6 5 1 9 0 4 8 1 1 5

LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER

| | 1A. NAME OF CHILD—First | 1B. MIDDLE | 1C. LAST | |
|---|---|---|---|---|
| THIS CHILD | ADRIANNE | LANETT | BELL | |

| | 2. SEX | 3A. THIS BIRTH, SINGLE, TWIN, ETC. | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC. | 4A. DATE OF BIRTH—Month, Day, Year | 4B. HOUR—(24 Hour Clock Time) |
|---|---|---|---|---|---|
| | FEMALE | SINGLE | | APRIL 13 1985 | 0902 |

| | 5A. PLACE OF BIRTH—NAME OF HOSPITAL OR FACILITY | 5B. STREET ADDRESS (STREET, NUMBER, OR LOCATION) |
|---|---|---|
| PLACE OF BIRTH | CEDARS SINAI MEDICAL CENTER | 8700 BEVERLY BLVD. |
| | 5C. CITY OR TOWN | 5D. COUNTY |
| | LOS ANGELES | LOS ANGELES |

| | 6A. NAME OF FATHER—FIRST | 6B. MIDDLE | 6C. LAST | 7. STATE OF BIRTH | 8. AGE OF FATHER |
|---|---|---|---|---|---|
| FATHER OF CHILD | EDWARD | LEE | BELL | LOUISIANA | 26 |

| | 9A. NAME OF MOTHER—FIRST | 9B. MIDDLE | 9C. LAST (BIRTH NAME) | 10. STATE OF BIRTH | 11. AGE OF MOTHER |
|---|---|---|---|---|---|
| MOTHER OF CHILD | TRACY | ROCHELL | KINGSBERRY | CALIFORNIA | 18 |

| | | 12A. PARENT OR OTHER INFORMANT—SIGNATURE | 12B. RELATIONSHIP TO CHILD | 12C. DATE SIGNED |
|---|---|---|---|---|
| PARENT'S CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | *Tracy Kingsberry* | MOTHER | 4-15-85 |
| ATTEND-ANT'S CERTIFICATION | I CERTIFY THAT I ATTENDED THIS BIRTH AND THAT THE CHILD WAS BORN ALIVE AT THE HOUR, DATE AND PLACE STATED | 13A. PHYSICIAN OR OTHER ATTENDANT—SIGNATURE — DEGREE OR TITLE *...MD* | 13B. LICENSE NUMBER RESIDENT | 13C. DATE SIGNED 04/13/85 |
| | 14. REQUEST OMISSION FROM SOLICITATION LISTS | 13D. TYPED NAME AND ADDRESS LINDA DE SITTER M.D., 8700 BEVERLY BLVD., LOS ANGELES, CA. | | |
| LOCAL REGISTRAR | 15. DEATH—ENTER DATE OF DEATH | 16. LOCAL REGISTRAR—SIGNATURE *Robert Mater* | 17. DATE ACCEPTED FOR REGISTRATION JUN 0 4 1985 | |

AUG 06 2024

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.



DEAN C. LOGAN
Registrar-Recorder/County Clerk





**LOS ANGELES COUNTY**
**REGISTRAR-RECORDER/COUNTY CLERK**

**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

## PUBLIC OFFICIAL CERTIFICATE

I, Dean C. Logan, County Clerk of the County of Los Angeles, State of California do hereby certify that **DEAN C. LOGAN** whose name is attached to the annexed **Birth Certificate**, STATE OF CALIFORNIA, is now and was at the date thereof HEALTH OFFICER AND LOCAL REGISTRAR OF BIRTHS AND DEATHS in and for said County, duly elected/appointed/commissioned and qualified, and authorized by law to sign the same, and full faith and credit are due to all his/her official acts as such officer. I further certify that I am well acquainted with the handwriting of said official and believe that the signature to said annexed instrument is genuine.

(Valid only if the certification bears the embossed Seal of the Registrar-Recorder/County Clerk.)

IN WITNESS WHEREOF, I execute this certificate and have hereunto set my hand and affixed the seal of said County this

__18th__ day of __August__ , 2025

DEAN C. LOGAN
Registrar-Recorder/County Clerk



By: _____

BYRON PATTON JR, Deputy County Clerk

BRF01-Rev 3/3/2009

12400 IMPERIAL HIGHWAY, NORWALK, CA 90650                    LAVOTE.GOV

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
### REGISTRAR–RECORDER/COUNTY CLERK

1052019693866

**CERTIFICATE OF LIVE BIRTH**
**STATE OF CALIFORNIA**
**USE BLACK INK ONLY**

1201919531342

STATE FILE NUMBER · LOCAL REGISTRATION NUMBER

| | | | |
|---|---|---|---|
| 1A. NAME OF CHILD - FIRST **ZERUIAH** | 1B. MIDDLE - | | 1C. LAST **BAHT ISRAEL** |
| 2. SEX **FEMALE** | 3A. THIS BIRTH, SINGLE, TWIN, ETC. **SINGLE** | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC. - | 4A. DATE OF BIRTH - MM/DD/CCYY **07/28/2019** · 4B. HOUR - 24 HOUR CLOCK TIME **0042** |

| | |
|---|---|
| 5A. PLACE OF BIRTH - NAME OF HOSPITAL OR FACILITY **WHITE MEMORIAL MEDICAL CENTER** | 5B. STREET ADDRESS - STREET AND NUMBER, OR LOCATION **1720 CESAR E CHAVEZ AVE** |
| 5C. CITY **LOS ANGELES** | 5D. COUNTY **LOS ANGELES** |

| 6A. NAME OF PARENT - FIRST | 6B. MIDDLE | 6C. LAST - BIRTH NAME | | | |
|---|---|---|---|---|---|
| **CLARENCE** | **DEWAYNE** | **BOOKMAN II** | 6D. ☐ MOTHER ☒ FATHER ☐ PARENT | 7. BIRTHPLACE - STATE/ COUNTRY **CA** | 8. DATE OF BIRTH **09/30/1980** |
| 9A. NAME OF PARENT - FIRST **ADRIANNE** | 9B. MIDDLE **LANETT** | 9C. LAST - BIRTH NAME **BELL** | 9D. ☒ MOTHER ☐ FATHER ☐ PARENT | 10. BIRTHPLACE - STATE/ COUNTRY **CA** | 11. DATE OF BIRTH **04/13/1985** |

| | | |
|---|---|---|
| I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. | 12A. PARENT OR OTHER INFORMANT - SIGNATURE **ADRIANNE BELL** | 12B. RELATIONSHIP TO CHILD **MOTHER** · 12C. DATE SIGNED **07/29/2019** |
| I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR, AND PLACE STATED. | 13A. ATTENDANT/CERTIFIER - SIGNATURE AND DEGREE OR TITLE **CRISTINA VEYNA, BIRTH CLERK** | 13B. LICENSE NUMBER **G72315** · 13C. DATE SIGNED **07/29/2019** |
| 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT **KIM WARNER, MD** **1701 CESAR CHAVEZ SUITE 225, LOS ANGELES, CA 90033** | | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT **CRISTINA VEYNA, BIRTH CLERK** |

| 15A. DATE OF DEATH - MM/DD/CCYY | 15B. STATE FILE NO. - STATE USE ONLY | 16. LOCAL REGISTRAR - SIGNATURE **MUNTU DAVIS MD** | 17. DATE ACCEPTED FOR REGISTRATION - MM/DD/CCYY **08/07/2019** |
|---|---|---|---|



This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.

AUG 06 2024





## LOS ANGELES COUNTY
### REGISTRAR-RECORDER/COUNTY CLERK

**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

## PUBLIC OFFICIAL CERTIFICATE

I, Dean C. Logan, County Clerk of the County of Los Angeles, State of California do hereby certify that <u>DEAN C. LOGAN</u> whose name is attached to the annexed <u>Birth Certificate</u>, STATE OF CALIFORNIA, is now and was at the date thereof HEALTH OFFICER AND LOCAL REGISTRAR OF BIRTHS AND DEATHS in and for said County, duly elected/appointed/commissioned and qualified, and authorized by law to sign the same, and full faith and credit are due to all his/her official acts as such officer. I further certify that I am well acquainted with the handwriting of said official and believe that the signature to said annexed instrument is genuine.

(Valid only if the certification bears the embossed Seal of the Registrar-Recorder/County Clerk.)

IN WITNESS WHEREOF, I execute this certificate and have hereunto set my hand and affixed the seal of said County this

<u>18th</u> day of <u>August</u>, 2025

DEAN C. LOGAN
Registrar-Recorder/County Clerk



By: _____

BYRON PATTON JR, Deputy County Clerk

BRF01-Rev 3/3/2009

12400 IMPERIAL HIGHWAY, NORWALK, CA 90650                                LAVOTE.GOV

## STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

# COUNTY OF LOS ANGELES
## REGISTRAR–RECORDER/COUNTY CLERK

**CERTIFICATE OF LIVE BIRTH**
STATE OF CALIFORNIA
USE BLACK INK ONLY

1201019053588
LOCAL REGISTRATION NUMBER

| | | |
|---|---|---|
| STATE FILE NUMBER | 1B MIDDLE | 1C LAST |
| 1A NAME OF CHILD - FIRST | ARIYAH | BOOKMAN |
| SHAYAN | | 4A DATE OF BIRTH - MM/DD/CCYY   06/13/2010 | 4B HOUR - 24 HOUR CLOCK TIME   1942 |
| 2 SEX   FEMALE | 3A TYPE BIRTH, SINGLE, TWIN, ETC   SINGLE | 3B F MULTIPLE-THIS CHILD 1ST, 2ND, ETC   - |
| 5A PLACE OF BIRTH - NAME OF HOSPITAL OR FACILITY   KAISER HOSPITAL: LA, CADILLAC | 5B STREET ADDRESS - STREET AND NUMBER, OR LOCATION   6041 CADILLAC AVENUE |
| 5C CITY   LOS ANGELES | 5D COUNTY   LOS ANGELES |
| 6A NAME OF FATHER/PARENT - FIRST   CLARENCE | 6B MIDDLE   DEWAYNE | 6C LAST   BOOKMAN | 7 BIRTHPLACE STATE/COUNTRY   CA | 8 DATE OF BIRTH - MM/DD/CCYY   09/30/1980 |
| 9A NAME OF MOTHER/PARENT - FIRST   ADRIANNE | 9B MIDDLE   LANETT | 9C LAST - BIRTH NAME   BELL | 10 BIRTHPLACE STATE/COUNTRY   CA | 11 DATE OF BIRTH - MM/DD/CCYY   04/13/1985 |

| | |
|---|---|
| 12A PARENT OR OTHER INFORMANT - SIGNATURE | 12B RELATIONSHIP TO CHILD   mother | 12C DATE SIGNED - MM/DD/CCYY   06/15/2010 |
| I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | | |
| I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR, AND PLACE STATED   13A ATTENDANT/CERTIFIER, SIGNATURE AND DEGREE OR TITLE | 13B LICENSE NUMBER   CNM1279 | 13C DATE SIGNED - MM/DD/CCYY   06/20/2010 |
| 13D TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT   ALICE WEINSTEIN, CNM, 6041 CADILLAC AVE, LOS ANGELES | 14 TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT | |
| 15A DATE OF DEATH - MM/DD/CCYY | 15B STATE FILE NO - STATE USE ONLY | 16 LOCAL REGISTRAR - SIGNATURE   JONATHAN E FIELDING, MD   SS | 17 DATE ACCEPTED FOR REGISTRATION - MM/DD/CCYY   06/28/2010 |

AUG 15 2024

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.





**20252460354**
09/03/2025 10:33 AM   Page 1 of 2
OFFICIAL RECORDS OF PIMA COUNTY, AZ
Gabriella Cázares-Kelly, Recorder

## CERTIFICATE OF FICTITIOUS NAME

*(ARS § 44-1236)*

**1. Fictitious Name Being Used:**
**CLARENCE DEWAYNE BOOKMAN II**

**2. Legal Owner of Business Using the Fictitious Name:**
Entity Name: **Indigenous Covenant Alliance L.L.P.**
Entity Type: Limited Liability Partnership (Arizona)
Principal Office Address: 7140 N Carless Ln, Tucson, AZ 85743

**3. Statement of Ownership:**
The undersigned hereby certifies that the above-named owner is conducting business under the fictitious name stated in Section 1, in accordance with ARS § 44-1236.

**4. Authorized Signature:**

Adrianne Bell, General Partner
Indigenous Covenant Alliance L.L.P.
Date: 09/03/2025

**5. Notary Acknowledgment:**

State of Arizona
County of Pima
On this 3rd day of September, 2025, before me, the undersigned Notary Public, personally appeared **Adrianne Bell, General Partner of Indigenous Covenant Alliance L.L.P.**, who acknowledged that he executed the foregoing instrument for the purposes stated therein.

CS

In witness whereof I hereunto set my hand and official seal.

_Vaibhavi Patel_

Notary Public

My Commission Expires: __03/07/2027__

VAIBHAVI PATEL
Notary Public - Arizona
Pima County
Commission # 644120
My Commission Expires March 07, 2027



**Public Service Center Building**
240 N. Stone Ave . 1ˢᵗ Floor
Tucson, AZ 85701

**Doc. Recording:** (520) 724-4350
**Voter Registration:** (520) 724-4330

**PIMA COUNTY**
RECORDER'S OFFICE

Mailing Address:
PO Box 3145
Tucson, AZ 85702-3145

Social: @PimaRecorder
Web: recorder.pima.gov

Gabriella Cázares-Kelly, Recorder

The foregoing instrument is a full, true and correct copy of the original record in this office.

Sequence #: 20252460354    # of Pages: 2

Docket # N/A

Starting Page#: N/A    Ending Page #: N/A

GABRIELLA CÁZARES-KELLY, County Recorder
In and for the County of Pima, State of Arizona

By: Ayana Rodriguez

_____
(Deputy Recorder)

September 3, 2025
Date

Form May 14, 2004
REVISED January 4, 2021

CS

**20252460355**
09/03/2025 10:33 AM  Page 1 of 2
OFFICIAL RECORDS OF PIMA COUNTY, AZ
Gabriella Cázares-Kelly, Recorder

## CERTIFICATE OF FICTITIOUS NAME

(ARS § 44-1236)

### 1. Fictitious Name Being Used:
**CLARENCE DEWAYNE BOOKMAN**

### 2. Legal Owner of Business Using the Fictitious Name:
Entity Name: **Indigenous Covenant Alliance L.L.P.**
Entity Type: Limited Liability Partnership (Arizona)
Principal Office Address: 7140 N Carless Ln, Tucson, AZ 85743

### 3. Statement of Ownership:
The undersigned hereby certifies that the above-named owner is conducting business under the fictitious name stated in Section 1, in accordance with ARS § 44-1236.

### 4. Authorized Signature:

Adrianne Bell, General Partner
Indigenous Covenant Alliance L.L.P.

Date: _09/03/2025_

### 5. Notary Acknowledgment:

State of Arizona
County of _Pima_

On this _3rd_ day of _September_, 20_25_ before me, the undersigned Notary Public, personally appeared **Adrianne Bell, General Partner of Indigenous Covenant Alliance L.L.P.**, who acknowledged that he executed the foregoing instrument for the purposes stated therein.

**CS**

In witness whereof I hereunto set my hand and official seal.

Vaibhavi Patel

Notary Public

My Commission Expires: 03/07/2027
March 7th, 2027

VAIBHAVI PATEL
Notary Public - Arizona
Pima County
Commission # 644120
My Commission Expires March 07, 2027



Public Service Center Building
240 N. Stone Ave., 1st Floor
Tucson, AZ 85701

Doc. Recording: (520) 724-4350
Voter Registration: (520) 724-4330

**PIMA COUNTY**
RECORDER'S OFFICE

Mailing Address:
PO Box 3145
Tucson, AZ 85702-3145

Social: @PimaRecorder
Web: recorder.pima.gov

Gabriella Cázares-Kelly, Recorder

The foregoing instrument is a full, true and correct copy of the original record in this office.

Sequence #: 20252460355        # of Pages: 2

Docket # NIA

Starting Page#: NIA            Ending Page #: NIA

GABRIELLA CÁZARES-KELLY, County Recorder
In and for the County of Pima, State of Arizona

By: Ayana Rodriguez

_____                    September 3, 2025
Deputy Recorder                                    Date

Form May 14, 2004
REVISED January 4, 2021

20252460356

09/03/2025 10:33 AM   Page 1 of 2
OFFICIAL RECORDS OF PIMA COUNTY, AZ
Gabriella Cázares-Kelly, Recorder

## CERTIFICATE OF FICTITIOUS NAME

(ARS § 44-1236)

**1. Fictitious Name Being Used:**

ADRIANNE LANETT BELL

**2. Legal Owner of Business Using the Fictitious Name:**

Entity Name: **Indigenous Covenant Alliance L.L.P.**

Entity Type: Limited Liability Partnership (Arizona)

Principal Office Address: 7140 N Carless Ln, Tucson, AZ 85743

**3. Statement of Ownership:**

The undersigned hereby certifies that the above-named owner is conducting business under the fictitious name stated in Section 1, in accordance with ARS § 44-1236.

**4. Authorized Signature:**

Adrianne Bell, General Partner

Indigenous Covenant Alliance L.L.P.

Date: 09/03/2025

**5. Notary Acknowledgment:**

State of Arizona

County of Pima

On this 3rd day of September, 2025, before me, the undersigned Notary Public, personally appeared **Adrianne Bell, General Partner of Indigenous Covenant Alliance L.L.P.**, who acknowledged that he executed the foregoing instrument for the purposes stated therein.

CS

In witness whereof I hereunto set my hand and official seal.

*Vaibhavi Patel*

Notary Public

My Commission Expires: __03/07/2027__

VAIBHAVI PATEL
Notary Public - Arizona
Pima County
Commission # 644120
My Commission Expires March 07, 2027



Service Center Building
N. Stone Ave., 1st Floor
Tucson, AZ 85701

Doc. Recording: (520) 724-4350
Voter Registration: (520) 724-4330

**PIMA COUNTY**
RECORDER'S OFFICE

Gabriella Cázares-Kelly, Recorder

Mailing Address:
PO Box 3145
Tucson, AZ 85702-3145

Social: @PimaRecorder
Web: recorder.pima.gov

The foregoing instrument is a full, true and correct copy of the original record in this office.

Sequence #: __2025246 0356__    # of Pages: __2__

Docket # __N/A__

Starting Page#: __N/A__        Ending Page #: __N/A__

GABRIELLA CÁZARES-KELLY, County Recorder
In and for the County of Pima, State of Arizona

By: Ayana Rodriguez

_____        __September 3, 2025__
Deputy Recorder                          Date

Form May 14, 2004
REVISED January 4, 2021

CS

**20252460357**

09/03/2025 10:33 AM   Page 1 of 2
OFFICIAL RECORDS OF PIMA COUNTY, AZ
Gabriella Cázares-Kelly, Recorder

## CERTIFICATE OF FICTITIOUS NAME

(ARS § 44-1236)

### 1. Fictitious Name Being Used:
**SHAYAN ARIYAH BOOKMAN**

### 2. Legal Owner of Business Using the Fictitious Name:
Entity Name: **Indigenous Covenant Alliance L.L.P.**
Entity Type: Limited Liability Partnership (Arizona)
Principal Office Address: 7140 N Carless Ln, Tucson, AZ 85743

### 3. Statement of Ownership:
The undersigned hereby certifies that the above-named owner is conducting business under the fictitious name stated in Section 1, in accordance with ARS § 44-1236.

### 4. Authorized Signature:

Adrianne Bell, General Partner
Indigenous Covenant Alliance L.L.P.

Date: _09/03/2025_

### 5. Notary Acknowledgment:

State of Arizona
County of __Pima__

On this 3rd day of September, 20 25, before me, the undersigned Notary Public, personally appeared **Adrianne Bell, General Partner of Indigenous Covenant Alliance L.L.P.**, who acknowledged that he executed the foregoing instrument for the purposes stated therein.

CS

In witness whereof I hereunto set my hand and official seal.

*Vaibhavi Patel*
_____

Notary Public

My Commission Expires: __03/07/2027__

VAIBHAVI PATEL
Notary Public - Arizona
Pima County
Commission # 644120
My Commission Expires March 07, 2027

Public Service Center Building
240 N. Stone Ave., 1ˢᵗ Floor
Tucson, AZ 85701

Doc. Recording: (520) 724-4350
Voter Registration: (520) 724-4330



**PIMA COUNTY**
RECORDER'S OFFICE

Mailing Address:
PO Box 3145
Tucson, AZ 85702-3145

Social: @PimaRecorder
Web: recorder.pima.gov

Gabriella Cázares-Kelly, Recorder

The foregoing instrument is a full, true and correct copy of the original record in this office.

Sequence #: 20252460357        # of Pages: 2

Docket # NIA

Starting Page#: NIA        Ending Page #: NIA

GABRIELLA CÁZARES-KELLY, County Recorder
In and for the County of Pima, State of Arizona

By: Ayana Rodriguez

_____        September 3, 2025
Deputy Recorder                Date

Form May 14, 2004
REVISED January 4, 2021

**20252460358**

09/03/2025 10:33 AM   Page 1 of 2
OFFICIAL RECORDS OF PIMA COUNTY, AZ
Gabriella Cázares-Kelly, Recorder

## CERTIFICATE OF FICTITIOUS NAME

(ARS § 44-1236)

---

### 1. Fictitious Name Being Used:

**HAZAIAH BEN ISRAEL**

### 2. Legal Owner of Business Using the Fictitious Name:

Entity Name: **Indigenous Covenant Alliance L.L.P.**
Entity Type: Limited Liability Partnership (Arizona)
Principal Office Address: 7140 N Carless Ln, Tucson, AZ 85743

### 3. Statement of Ownership:

The undersigned hereby certifies that the above-named owner is conducting business under the fictitious name stated in Section 1, in accordance with ARS § 44-1236.

---

### 4. Authorized Signature:

Adrianne Bell, General Partner
Indigenous Covenant Alliance L.L.P.

Date: _09/03/2025_

---

### 5. Notary Acknowledgment:

State of Arizona
County of __Pima__

On this 3rd day of September, 2025, before me, the undersigned Notary Public, personally appeared **Adrianne Bell, General Partner of Indigenous Covenant Alliance L.L.P.**, who acknowledged that he executed the foregoing instrument for the purposes stated therein.

CS

In witness whereof I hereunto set my hand and official seal.

_Vaibhavi Patel_

Notary Public

My Commission Expires: __03/07/2027__

VAIBHAVI PATEL
Notary Public - Arizona
Pima County
Commission # 644120
Commission Expires March 07, 2027



Public Service Center Building
240 N. Stone Ave., 1st Floor
Tucson, AZ 85701

Doc. Recording: (520) 724-4350
Voter Registration: (520) 724-4330

**PIMA COUNTY**
RECORDER'S OFFICE

Gabriella Cázares-Kelly, Recorder

Mailing Address:
PO Box 3145
Tucson, AZ 85702-3145

Social: @PimaRecorder
Web: recorder.pima.gov

The foregoing instrument is a full, true and correct copy of the original record in this office.

Sequence #: 202524603558       # of Pages: 2

Docket # NIA

Starting Page#: NIA            Ending Page #: NIA

GABRIELLA CÁZARES-KELLY, County Recorder
In and for the County of Pima, State of Arizona

By: Ayana Rodriguez

_Ayana Rodriguez_                        September 3, 2025
Deputy Recorder                              Date

Form May 14, 2004
REVISED January 4, 2021

20252460359

09/03/2025 10:33 AM   Page 1 of 2
OFFICIAL RECORDS OF PIMA COUNTY, AZ
Gabriella Cázares-Kelly, Recorder

## CERTIFICATE OF FICTITIOUS NAME

(ARS § 44-1236)

**1. Fictitious Name Being Used:**
KHALIAH BAHT ISRAEL

**2. Legal Owner of Business Using the Fictitious Name:**
Entity Name: **Indigenous Covenant Alliance L.L.P.**
Entity Type: Limited Liability Partnership (Arizona)
Principal Office Address: 7140 N Carless Ln, Tucson, AZ 85743

**3. Statement of Ownership:**
The undersigned hereby certifies that the above-named owner is conducting business under the fictitious name stated in Section 1, in accordance with ARS § 44-1236.

**4. Authorized Signature:**

Adrianne Bell, General Partner
Indigenous Covenant Alliance L.L.P.

Date: 09/03/2025

**5. Notary Acknowledgment:**

State of Arizona
County of Pima

On this 3rd day of September, 2025, before me, the undersigned Notary Public, personally appeared **Adrianne Bell, General Partner of Indigenous Covenant Alliance L.L.P.**, who acknowledged that he executed the foregoing instrument for the purposes stated therein.

CS

*In witness whereof I hereunto set my hand and official seal.*

Vaibhavi Patel

*Notary Public*

*My Commission Expires:* 03/07/2027

VAIBHAVI PATEL
Notary Public - Arizona
Pima County
Commission # 644120
My Commission Expires March 07, 2027



Public Service Center Building
240 N. Stone Ave., 1ª Floor
Tucson, AZ 85701

Doc. Recording: (520) 724-4350
Voter Registration: (520) 724-4330

PIMA COUNTY
RECORDER'S OFFICE

Gabriella Cázares-Kelly, Recorder

Mailing Address:
PO Box 3145
Tucson, AZ 85702-3145

Social: @PimaRecorder
Web: recorder.pima.gov

The foregoing instrument is a full, true and correct copy of the original record in this office.

Sequence #: 20252460359      # of Pages: 2

Docket # N/A

Starting Page#: N/A            Ending Page #: N/A

GABRIELLA CÁZARES-KELLY, County Recorder
In and for the County of Pima, State of Arizona

By: Ayana Rodriguez

_____              September 3, 2025
Deputy Recorder                          Date

Form May 14, 2004
REVISED January 4, 2021

CS

20252460360
09/03/2025 10:33 AM  Page 1 of  2
OFFICIAL RECORDS OF PIMA COUNTY, AZ
Gabriella Cázares-Kelly, Recorder

## CERTIFICATE OF FICTITIOUS NAME

(ARS § 44-1236)

---

**1. Fictitious Name Being Used:**
**ZERUIAH BAHT ISRAEL**

**2. Legal Owner of Business Using the Fictitious Name:**
Entity Name: **Indigenous Covenant Alliance L.L.P.**
Entity Type: Limited Liability Partnership (Arizona)
Principal Office Address: 7140 N Carless Ln, Tucson, AZ 85743

**3. Statement of Ownership:**
The undersigned hereby certifies that the above-named owner is conducting business under the fictitious name stated in Section 1, in accordance with ARS § 44-1236.

---

**4. Authorized Signature:**

Adrianne Bell, General Partner
Indigenous Covenant Alliance L.L.P.

Date: _09/30/2025_

---

**5. Notary Acknowledgment:**

State of Arizona
County of _Pima_

On this 3rd day of _September_, 20_25_, before me, the undersigned Notary Public, personally appeared **Adrianne Bell, General Partner of Indigenous Covenant Alliance L.L.P.,** who acknowledged that he executed the foregoing instrument for the purposes stated therein.

In witness whereof I hereunto set my hand and official seal.

_Vaibhavi Patel_

Notary Public

My Commission Expires: _08/07/2027_

VAIBHAVI PATEL
Notary Public - Arizona
Pima County
Commission # 644120
My Commission Expires March 07, 2027

Public Service Center Building
240 N. Stone Ave., 1st Floor
Tucson, AZ 85701

Doc. Recording: (520) 724-4350
Voter Registration: (520) 724-4330

**PIMA COUNTY**
RECORDER'S OFFICE

Mailing Address:
PO Box 3145
Tucson, AZ 85702-3145

Social: @PimaRecorder
Web: recorder.pima.gov

Gabriella Cázares-Kelly, Recorder

The foregoing instrument is a full, true and correct copy of the original record in this office.

Sequence #: __20252460360__    # of Pages: 2

Docket # N/A

Starting Page#: N/A          Ending Page #: N/A

GABRIELLA CÁZARES-KELLY, County Recorder
In and for the County of Pima, State of Arizona

By: Ayana Rodriguez

_Ayana Rodriguez_                    September 3, 2025
Deputy Recorder                      Date

Received: 5/20/2025 11:00 PM

| NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Andrew Hurley<br>201 Centre Plaza Drive<br>Monterey Park, CA 91754<br>(323) 526-6100<br><br>ATTORNEY FOR (NAME): DCFS | STATE BAR NO:<br>166738 | Reserved For Clerk's File Stamp<br><br>Electronically FILED<br>Superior Court of California<br>County of Los Angeles<br>7/7/2025 11:43 AM<br>David W. Slayton<br>Executive Officer/Clerk of Court,<br>By C. Reyes, Deputy Clerk |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: Edmund D. Edelman Children's Court<br>201 Centre Plaza Dr,<br>Monterey Park, CA 91754 | |
| IN THE MATTER OF:<br>Israel, Khaliah | |

| DOCUMENT CASE COVERSHEET | CASE NUMBER:<br>23CCJP04256D |
|---|---|

**This form is required pursuant to Government Code 68150, California Rules of Court, Rules 2.100, 2.111 and 2.256 for electronic submission of court documents**

The Document Case Coversheet must be attached to all dependency and adoption documents submitted to the Court for efiling that do not conform with California Rules of Court, rule 2.111. A separate coversheet must be submitted for each efiled document.

Title / Description of document submitted for efiling:  23CCJP04256ABCD Bell Mo Case plan

# COURT-ORDERED CASE PLAN FOR ☑ MO ☐ FA ☐ LG

**CASE NO.** 23CCJP04256D

**NAME** Adrianne L. Bell

ICWA APPLIES ☐ YES ☑ NO ☐ PENDING
INCARCERATED PARENT ☐ YES ☑ NO
(DCFS to explore programs available at place of incarceration
& assist parent in enrollment in those programs, as necessary.)

**CHILD A** : Shayan Ariyah Bookman     ☐ HOP ☑ SP
Placement with: _____
Educational Rights Holder: _____
**CHILD B** : Hazaiah Ben Israel     ☐ HOP ☑ SP
Placement with: _____
Educational Rights Holder: _____

**CHILD C** : Zeruiah Baht Israel     ☐ HOP ☑ SP
Placement with: _____
Educational Rights Holder: _____
**CHILD D** : Zaruah Israel     ☐ HOP ☑ SP
Placement with: _____
Educational Rights Holder: _____

## PROGRAMS FOR PARENTS: (DCFS/COURT APPROVED)

☑ Drug/Alcohol Services:
  ☐ Full drug/alcohol program with aftercare
  ☐ Random and on-demand drug/alcohol testing
    ☐ Every other week   ☐ Weekly
  ☐ 12-step program w/court card & sponsor
  ☐ Al-Anon/Alateen
  ☑ Random and on-demand drug/alcohol testing. If any test is missed (unexcused) or positive, DCFS may walk the matter on calendar for further orders. (upon reasonable suspicion)

☐ Domestic Violence:
  ☐ 52-week certified BIP
  ☐ Support Group/Victims
  ☐ Other _____
☐ Parents Beyond Conflict
☐ Conjoint counseling with _____

☐ Parenting Teen Services
☐ _____
☐ Anger Management

☑ Parenting:
  ☑ Developmentally appropriate
  ☐ Fatherhood
  ☐ Hands-on
  ☐ Special needs children
  ☐ Other _____

☐ Sex abuse counseling:
  ☐ For perpetrators
  ☐ Awareness counseling
☑ Transportation assistance
☑ Housing assistance
☐ Family Preservation

☑ Mental health counseling:
  ☑ Psychological assessment
  ☑ Psychiatric evaluation
  ☑ Take all prescribed psychotropic medications
☐ Regional Center referral

☑ Individual counseling to address _phys. and emot. abuse to the children, sexual abuse awareness, parental protectiveness_, and
☑ Other _____ interdependence

## PROGRAMS FOR CHILDREN:

____ Referral for IEP assessment
____ ILP referral
____ Wrap/TBS/FSP referral
A B C D Age-appropriate counseling to address _case issues_____
____ Conjoint counseling with _____ ☐ if recommended by individual therapist
A ____ Other _funds for othodontia treatment_____

____ Ed/Psych referral
____ Speech assessment
____ Sex abuse group counseling

____ Regional Center referral
____ Public health nurse referral

## VISITATION: (DCFS to prepare a written schedule and confirm any changes and/or liberalization in writing.)

A B C D Monitored
____ Unmonitored
A B C D Discretion to liberalize
A B C D Hrs./Times per week _3X3_
____ Overnights/Weekends

____ Neutral setting
____ Therapeutic setting
____ DCFS office
____ Place of incarceration
____ Public setting

☐ Other visitation for child
____ Grandparents
____ Siblings
☐ Phone/Video visits
Other _____

Monitored by ☑ any DCFS approved monitor or _Fa not to be present_____
**OTHER:** _csw to meet with parent and go over case plan and create a written visitation plan_
_DCFS to comply with WIC 362.8_ ; assign parent partner for mother
(1) Custodial parent to make child available to DCFS for unannounced home calls.
(2) All appropriate low-cost/no-cost referrals.
(3) Parent to keep DCFS advised of current addresses and telephone numbers.
(4) Parent to sign any form necessary to release information to DCFS with regard to all court-ordered counseling (HIPAA).
(5) DCFS to provide therapists (and evaluators, in advance) a copy of the sustained petition, case plan and all DCFS reports.
(6) No one may take the child(ren) out of the State of California without notifying the social worker.
(7) No corporal punishment.
(8) No visitation for anyone under the influence of drugs or alcohol.

**NO FR SERVICES:** ☐ 361.5 (a)   ☐ 361.2/362     ☐ 361.5 (b) _____     ☐ 361.5 (e)
    (12) (15)

Linda L. Sun
JUDGE
**JUDICIAL OFFICER:** _____     Date: 07/02/2025

LASC DEP 017 Rev. 02/22
For Mandatory Use

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256D**
**IN THE MATTER OF:**
**Israel, Khaliah**

**July 1, 2025**
**8:30 AM**

Honorable Linda Sun, Judge

C. Reyes, Judicial Assistant                    Mirtha Valdes (#6428) , Court Reporter

---

**NATURE OF PROCEEDINGS:**  Disposition Hearing

The minor subject to the following orders is: Khaliah Israel

Date of birth: 11/12/2021

The matter is called for hearing.
The following parties are present for the aforementioned proceeding:

> Keith Stuart Ross, LADL5 for Mother
> Kimberly S Hollins, LADL4 for Father
> Andrew Leonard Hurley, Deputy County Counsel
> Margaret Elizabeth Brandow, Children's Law
> Center 3 for Minor


> Appearances via WebEx:  Deputy County Counsel, Minor's Counsel

Court finds notice of proceedings has been given as required by law.

Court finds report was received from Department of Children and Family Services.  Court states that it has read and considered the Department of Children and Family Services report.

The Court finds Parents do not appear in person, online, or by phone for any Marsden or Faretta Motion.

The Court finds that Parents' first amendment rights are not infringed in this matter.

Counsel for Parents' requests for continuance is denied.

The Court finds there is no reason to know or believe that ICWA applies in this matter.

Minor is declared a dependent of the court under Welfare and Institutions Code §300, Subdivision (a), (b), (j).

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256D**
**IN THE MATTER OF:**
**Israel, Khaliah**

**July 1, 2025**
**8:30 AM**

Minor is ordered placed in Suitable Placement under supervision of Department of Children and Family Services.

## DEPENDENCY COURT ORDER

The Court has read, considered, and admitted into evidence the Exhibits identified in the minute order, the sustained petition, and the testimony and arguments, if applicable, and makes the following findings and orders:

The child is hereby declared dependent of the Court under Welfare and Institutions Code section 300.

The Court finds by clear and convincing evidence, pursuant to Welfare and Institutions Code sections 361(a) (1), 361(c), 361 (d) and 362(a), and additionally applying to noncustodial parent(s)/legal guardian(s) the constitutional and statutory safeguards available to custodial parents.

It is reasonable and necessary to remove the child from the **parents**, as such removal is defined in 45 CFR 1356.21(k)(1)(ii), and the care, custody, and control of the parent(s)/legal guardian(s) from whom the child is are being removed because there is a substantial danger to the physical health, safety, protection, or physical or emotional well-being, and special needs, if applicable, of the child, and there are no reasonable means by which the child's physical health can be protected, without removing the child from the home and the care, custody, and control of that or those parent(s)/legal guardian(s).

The Court further finds that it would be detrimental to the safety, protection, or physical or emotional well-being, and special needs, if applicable, of the child to be returned to or placed in the home or the care, custody, and control of that or those parent(s)/legal guardian(s).

The child's placement is necessary. The child's current placement is appropriate.

The Department of Children and Family Services made reasonable efforts to prevent removal but there are no services available to prevent further detention.

The Department of Children and Family Services has complied with the case plan by making reasonable efforts to return the child home or taken whatever steps necessary to finalize the permanent plan.

The extent of progress made toward alleviating or mitigating the causes necessitating the placement has been unsubstantial by parents.

The Court orders the child removed from home and the care, custody and control of the parent(s)/legal guardian(s) from whom the child is being removed and placed in the care, custody and control of the Department of Children and Family Services.

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256D**
**IN THE MATTER OF:**
**Israel, Khaliah**

**July 1, 2025**
**8:30 AM**

The plan of the continuation of reunification services and the setting of a further permanency review hearing is appropriate and ordered.

The likely date by which the permanent plan will be achieved, or juvenile court jurisdiction will be terminated is Wednesday, January 7, 2026.

For a minor 14 years of age and older: The Court finds that the services set forth in the case plan include those needed to assist the child in making the transition from foster care to successful adulthood.

**Family reunification, maintenance, or enhancement, or reunification services and visitation rights are granted or denied as set forth in the court ordered case plan(s) which are incorporated herein by this reference.**

The Court finds a detriment to the Father visiting with the Minor Shayan.

Family Reunification Services are ordered for the Father over DCFS' objection. Stay is denied.

Court ordered disposition case plan is signed by the Court and filed this date. Said order is incorporated herein by reference.

Department of Children and Family Services is ordered to obtain school records pursuant to Education Code §49077.

The Court orders parents to report to the Financial Evaluator to determine your ability to pay court ordered fees. If you fail to appear as ordered and/or default on a payment plan, the Court will refer this matter to a collection agency with no further notice from the court. To satisfy this debt, your wages may be garnished and your property, including vehicles, may be seized and sold.

**Receipt of Report Hearing is set to December 18, 2025 at 8:30 AM** in Edmund D. Edelman Children's Court Dept. - 417. All appearances are waived, DCFS is ordered to prepare a report.

**21E / 22 Review Hearing is set to January 7, 2026 at 8:30 AM** in Edmund D. Edelman Children's Court Dept. - 417. DCFS is ordered to prepare a report, DCFS is to notice all appropriate parties.

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

Minute Order                                                                 Page **3** of **4**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256D**
**IN THE MATTER OF:**
**Israel, Khaliah**

**July 1, 2025**
**8:30 AM**

I, David W. Slayton, Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Entry of the above minute order of July 1, 2025 and Appeal Rights form(s)** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Monterey Park, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: 7/2/2025                    By:    /s/ C. Reyes
                                          C. Reyes, Deputy Clerk

*\*\*Please Note: Pursuant to the "Waiver of Statutory Notice Pursuant to Welfare and Institutions Code Section 248 and 248.5" filed in the County of Los Angeles - Office of the County Counsel, the Los Angeles Dependency Lawyers, Inc., and the Children's Law Center of Los Angeles agree that notice requirements pursuant to any and all applicable law shall be deemed served when the Deputy Clerk completes the above mentioned minute order and this Certificate of Mailing. (A copy of said Waiver of Statutory Notice may be found within the court file and the original located within the Clerk's Office, Edmund D. Edelman Children's Court, Monterey Park, California.)*

Adrianne Lanett Bell
5800 W Arizona Pavilion, #14
Cortaro, AZ, 85652

Clarence Dewayne Bookman, II
5800 W Arizona Pavilion, #14
Cortaro, AZ, 85652

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256C**
**IN THE MATTER OF:**
**Baht Israel, Zeruiah**

**July 1, 2025**
**8:30 AM**

Honorable Linda Sun, Judge

C. Reyes, Judicial Assistant                    Mirtha Valdes (#6428) , Court Reporter

---

**NATURE OF PROCEEDINGS:** Disposition Hearing

The minor subject to the following orders is: Zeruiah Baht Israel

Date of birth: 7/28/2019

The matter is called for hearing.
The following parties are present for the aforementioned proceeding:

> Margaret Elizabeth Brandow, Children's Law
> Center 3 for Minor
> Keith Stuart Ross, LADL5 for Mother
> Kimberly S Hollins, LADL4 for Father
> Andrew Leonard Hurley, Deputy County Counsel


> Appearances via WebEx: Deputy County Counsel, Minor's Counsel

Court finds notice of proceedings has been given as required by law.

Court finds report was received from Department of Children and Family Services. Court states that it has read and considered the Department of Children and Family Services report.

The Court finds Parents do not appear in person, online, or by phone for any Marsden or Faretta Motion.

The Court finds that Parents' first amendment rights are not infringed in this matter.

Counsel for Parents' requests for continuance is denied.

The Court finds there is no reason to know or believe that ICWA applies in this matter.

Minor is declared a dependent of the court under Welfare and Institutions Code §300, Subdivision (a), (b), (j).

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
## CC417

**23CCJP04256C**
**IN THE MATTER OF:**
**Baht Israel, Zeruiah**

**July 1, 2025**
**8:30 AM**

Minor is ordered placed in Suitable Placement under supervision of Department of Children and Family Services.

## DEPENDENCY COURT ORDER

The Court has read, considered, and admitted into evidence the Exhibits identified in the minute order, the sustained petition, and the testimony and arguments, if applicable, and makes the following findings and orders:

The child is hereby declared dependent of the Court under Welfare and Institutions Code section 300.

The Court finds by clear and convincing evidence, pursuant to Welfare and Institutions Code sections 361(a)(1), 361(c), 361 (d) and 362(a), and additionally applying to noncustodial parent(s)/legal guardian(s) the constitutional and statutory safeguards available to custodial parents.

It is reasonable and necessary to remove the child from the **parents**, as such removal is defined in 45 CFR 1356.21(k)(1)(ii), and the care, custody, and control of the parent(s)/legal guardian(s) from whom the child is are being removed because there is a substantial danger to the physical health, safety, protection, or physical or emotional well-being, and special needs, if applicable, of the child, and there are no reasonable means by which the child's physical health can be protected, without removing the child from the home and the care, custody, and control of that or those parent(s)/legal guardian(s).

The Court further finds that it would be detrimental to the safety, protection, or physical or emotional well-being, and special needs, if applicable, of the child to be returned to or placed in the home or the care, custody, and control of that or those parent(s)/legal guardian(s).

The child's placement is necessary. The child's current placement is appropriate.

The Department of Children and Family Services made reasonable efforts to prevent removal but there are no services available to prevent further detention.

The Department of Children and Family Services has complied with the case plan by making reasonable efforts to return the child home or taken whatever steps necessary to finalize the permanent plan.

The extent of progress made toward alleviating or mitigating the causes necessitating the placement has been unsubstantial by parents.

The Court orders the child removed from home and the care, custody and control of the parent(s)/legal guardian(s) from whom the child is being removed and placed in the care, custody and control of the Department of Children and Family Services.

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
## CC417

**23CCJP04256C**
**IN THE MATTER OF:**
**Baht Israel, Zeruiah**

**July 1, 2025**
**8:30 AM**

The plan of the continuation of reunification services and the setting of a further permanency review hearing is appropriate and ordered.

The likely date by which the permanent plan will be achieved, or juvenile court jurisdiction will be terminated is Wednesday, January 7, 2026.

For a minor 14 years of age and older: The Court finds that the services set forth in the case plan include those needed to assist the child in making the transition from foster care to successful adulthood.

**Family reunification, maintenance, or enhancement, or reunification services and visitation rights are granted or denied as set forth in the court ordered case plan(s) which are incorporated herein by this reference.**

The Court finds a detriment to the Father visiting with the Minor Shayan.

Family Reunification Services are ordered for the Father over DCFS' objection. Stay is denied.

Court ordered disposition case plan is signed by the Court and filed this date. Said order is incorporated herein by reference.

Department of Children and Family Services is ordered to obtain school records pursuant to Education Code §49077.

The Court orders parents to report to the Financial Evaluator to determine your ability to pay court ordered fees. If you fail to appear as ordered and/or default on a payment plan, the Court will refer this matter to a collection agency with no further notice from the court. To satisfy this debt, your wages may be garnished and your property, including vehicles, may be seized and sold.

**Receipt of Report Hearing is set to December 18, 2025 at 8:30 AM** in Edmund D. Edelman Children's Court Dept. - 417. All appearances are waived, DCFS is ordered to prepare a report.

**21E / 22 Review Hearing is set to January 7, 2026 at 8:30 AM** in Edmund D. Edelman Children's Court Dept. - 417. DCFS is ordered to prepare a report, DCFS is to notice all appropriate parties.

## CLERK'S CERTIFICATE OF MAILING/
## NOTICE OF ENTRY OF ORDER

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256C**
**IN THE MATTER OF:**
**Baht Israel, Zeruiah**

**July 1, 2025**
**8:30 AM**

I, David W. Slayton, Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Entry of the above minute order of July 1, 2025 and Appeal Rights form(s)** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Monterey Park, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: 7/2/2025

By:    /s/ C. Reyes
C. Reyes, Deputy Clerk

*\*\*Please Note: Pursuant to the "Waiver of Statutory Notice Pursuant to Welfare and Institutions Code Section 248 and 248.5" filed in the County of Los Angeles - Office of the County Counsel, the Los Angeles Dependency Lawyers, Inc., and the Children's Law Center of Los Angeles agree that notice requirements pursuant to any and all applicable law shall be deemed served when the Deputy Clerk completes the above mentioned minute order and this Certificate of Mailing. (A copy of said Waiver of Statutory Notice may be found within the court file and the original located within the Clerk's Office, Edmund D. Edelman Children's Court, Monterey Park, California.)*

Adrianne Lanett Bell
5800 W Arizona Pavilion, #14
Cortaro, AZ, 85652

Clarence Dewayne Bookman, II
5800 W Arizona Pavilion, #14
Cortaro, AZ, 85652

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256B**
**IN THE MATTER OF:**
**Ben Israel, Hazaiah**

**July 1, 2025**
**8:30 AM**

Honorable Linda Sun, Judge

C. Reyes, Judicial Assistant

Mirtha Valdes (#6428) , Court Reporter

---

**NATURE OF PROCEEDINGS:** Disposition Hearing

The minor subject to the following orders is: Hazaiah Ben Israel

Date of birth: 8/25/2017

The matter is called for hearing.
The following parties are present for the aforementioned proceeding:

> Keith Stuart Ross, LADL5 for Mother
> Margaret Elizabeth Brandow, Children's Law
> Center 3 for Minor
> Kimberly S Hollins, LADL4 for Father
> Andrew Leonard Hurley, Deputy County Counsel

> Appearances via WebEx:  Deputy County Counsel, Minor's Counsel

Court finds notice of proceedings has been given as required by law.

Court finds report was received from Department of Children and Family Services.  Court states that it has read and considered the Department of Children and Family Services report.

The Court finds Parents do not appear in person, online, or by phone for any Marsden or Faretta Motion.

The Court finds that Parents' first amendment rights are not infringed in this matter.

Counsel for Parents' requests for continuance is denied.

The Court finds there is no reason to know or believe that ICWA applies in this matter.

Minor is declared a dependent of the court under Welfare and Institutions Code §300, Subdivision (a), (b), (j).

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Juvenile Dependency/Adoption Division

### CC417

**23CCJP04256B**
**IN THE MATTER OF:**
**Ben Israel, Hazaiah**

**July 1, 2025**
**8:30 AM**

Minor is ordered placed in Suitable Placement under supervision of Department of Children and Family Services.

## DEPENDENCY COURT ORDER

The Court has read, considered, and admitted into evidence the Exhibits identified in the minute order, the sustained petition, and the testimony and arguments, if applicable, and makes the following findings and orders:

The child is hereby declared dependent of the Court under Welfare and Institutions Code section 300.

The Court finds by clear and convincing evidence, pursuant to Welfare and Institutions Code sections 361(a)(1), 361(c), 361 (d) and 362(a), and additionally applying to noncustodial parent(s)/legal guardian(s) the constitutional and statutory safeguards available to custodial parents.

It is reasonable and necessary to remove the child from the **parents**, as such removal is defined in 45 CFR 1356.21(k)(1)(ii), and the care, custody, and control of the parent(s)/legal guardian(s) from whom the child is are being removed because there is a substantial danger to the physical health, safety, protection, or physical or emotional well-being, and special needs, if applicable, of the child, and there are no reasonable means by which the child's physical health can be protected, without removing the child from the home and the care, custody, and control of that or those parent(s)/legal guardian(s).

The Court further finds that it would be detrimental to the safety, protection, or physical or emotional well-being, and special needs, if applicable, of the child to be returned to or placed in the home or the care, custody, and control of that or those parent(s)/legal guardian(s).

The child's placement is necessary. The child's current placement is appropriate.

The Department of Children and Family Services made reasonable efforts to prevent removal but there are no services available to prevent further detention.

The Department of Children and Family Services has complied with the case plan by making reasonable efforts to return the child home or taken whatever steps necessary to finalize the permanent plan.

The extent of progress made toward alleviating or mitigating the causes necessitating the placement has been unsubstantial by parents.

The Court orders the child removed from home and the care, custody and control of the parent(s)/legal guardian(s) from whom the child is being removed and placed in the care, custody and control of the Department of Children and Family Services.

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
## CC417

**23CCJP04256B**
**IN THE MATTER OF:**
**Ben Israel, Hazaiah**

**July 1, 2025**
**8:30 AM**

The plan of the continuation of reunification services and the setting of a further permanency review hearing is appropriate and ordered.

The likely date by which the permanent plan will be achieved, or juvenile court jurisdiction will be terminated is Wednesday, January 7, 2026.

For a minor 14 years of age and older: The Court finds that the services set forth in the case plan include those needed to assist the child in making the transition from foster care to successful adulthood.

**Family reunification, maintenance, or enhancement, or reunification services and visitation rights are granted or denied as set forth in the court ordered case plan(s) which are incorporated herein by this reference.**

The Court finds a detriment to the Father visiting with the Minor Shayan.

Family Reunification Services are ordered for the Father over DCFS' objection. Stay is denied.

Court ordered disposition case plan is signed by the Court and filed this date. Said order is incorporated herein by reference.

Department of Children and Family Services is ordered to obtain school records pursuant to Education Code §49077.

The Court orders parents to report to the Financial Evaluator to determine your ability to pay court ordered fees. If you fail to appear as ordered and/or default on a payment plan, the Court will refer this matter to a collection agency with no further notice from the court. To satisfy this debt, your wages may be garnished and your property, including vehicles, may be seized and sold.

**Receipt of Report Hearing is set to December 18, 2025 at 8:30 AM** in Edmund D. Edelman Children's Court Dept. - 417. All appearances are waived, DCFS is ordered to prepare a report.

**21E / 22 Review Hearing is set to January 7, 2026 at 8:30 AM** in Edmund D. Edelman Children's Court Dept. - 417. DCFS is ordered to prepare a report, DCFS is to notice all appropriate parties.

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256B**
**IN THE MATTER OF:**
**Ben Israel, Hazaiah**

**July 1, 2025**
**8:30 AM**

I, David W. Slayton, Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Entry of the above minute order of July 1, 2025 and Appeal Rights form(s)** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Monterey Park, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: 7/2/2025

By:    /s/ C. Reyes
      C. Reyes, Deputy Clerk

*\*\*Please Note: Pursuant to the "Waiver of Statutory Notice Pursuant to Welfare and Institutions Code Section 248 and 248.5" filed in the County of Los Angeles - Office of the County Counsel, the Los Angeles Dependency Lawyers, Inc., and the Children's Law Center of Los Angeles agree that notice requirements pursuant to any and all applicable law shall be deemed served when the Deputy Clerk completes the above mentioned minute order and this Certificate of Mailing. (A copy of said Waiver of Statutory Notice may be found within the court file and the original located within the Clerk's Office, Edmund D. Edelman Children's Court, Monterey Park, California.)*

Adrianne Lanett Bell
5800 W Arizona Pavilion, #14
Cortaro, AZ, 85652

Clarence Dewayne Bookman, II
5800 W Arizona Pavilion, #14
Cortaro, AZ, 85652

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256A**
**IN THE MATTER OF:**
**Bookman, Shayan Ariyah**

**July 1, 2025**
**8:30 AM**

Honorable Linda Sun, Judge

C. Reyes, Judicial Assistant                    Mirtha Valdes (#6428) , Court Reporter

---

**NATURE OF PROCEEDINGS:** Disposition Hearing

The minor subject to the following orders is: Shayan Ariyah Bookman

Date of birth: 6/13/2010

The matter is called for hearing.
The following parties are present for the aforementioned proceeding:

> Keith Stuart Ross, LADL5 for Mother
> Kimberly S Hollins, LADL4 for Father
> Margaret Elizabeth Brandow, Children's Law
> Center 3 for Minor
> Andrew Leonard Hurley, Deputy County Counsel

> Appearances via WebEx:  Deputy County Counsel, Minor's Counsel

Court finds notice of proceedings has been given as required by law.

Court finds report was received from Department of Children and Family Services.  Court states that it has read and considered the Department of Children and Family Services report.

The Court finds Parents do not appear in person, online, or by phone for any Marsden or Faretta Motion.

The Court finds that Parents' first amendment rights are not infringed in this matter.

Counsel for Parents' requests for continuance is denied.

The Court finds there is no reason to know or believe that ICWA applies in this matter.

Minor is declared a dependent of the court under Welfare and Institutions Code §300, Subdivision (a), (b), (c), (j).

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256A**
**IN THE MATTER OF:**
**Bookman, Shayan Ariyah**

**July 1, 2025**
**8:30 AM**

Minor is ordered placed in Suitable Placement under supervision of Department of Children and Family Services.

## DEPENDENCY COURT ORDER

The Court has read, considered, and admitted into evidence the Exhibits identified in the minute order, the sustained petition, and the testimony and arguments, if applicable, and makes the following findings and orders:

The child is hereby declared dependent of the Court under Welfare and Institutions Code section 300.

The Court finds by clear and convincing evidence, pursuant to Welfare and Institutions Code sections 361(a)(1), 361(c), 361 (d) and 362(a), and additionally applying to noncustodial parent(s)/legal guardian(s) the constitutional and statutory safeguards available to custodial parents.

It is reasonable and necessary to remove the child from the **parents**, as such removal is defined in 45 CFR 1356.21(k)(1)(ii), and the care, custody, and control of the parent(s)/legal guardian(s) from whom the child is are being removed because there is a substantial danger to the physical health, safety, protection, or physical or emotional well-being, and special needs, if applicable, of the child, and there are no reasonable means by which the child's physical health can be protected, without removing the child from the home and the care, custody, and control of that or those parent(s)/legal guardian(s).

The Court further finds that it would be detrimental to the safety, protection, or physical or emotional well-being, and special needs, if applicable, of the child to be returned to or placed in the home or the care, custody, and control of that or those parent(s)/legal guardian(s).

The child's placement is necessary. The child's current placement is appropriate.

The Department of Children and Family Services made reasonable efforts to prevent removal but there are no services available to prevent further detention.

The Department of Children and Family Services has complied with the case plan by making reasonable efforts to return the child home or taken whatever steps necessary to finalize the permanent plan.

The extent of progress made toward alleviating or mitigating the causes necessitating the placement has been unsubstantial by parents.

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256A**
**IN THE MATTER OF:**
**Bookman, Shayan Ariyah**

**July 1, 2025**
**8:30 AM**

The Court orders the child removed from home and the care, custody and control of the parent(s)/legal guardian(s) from whom the child is being removed and placed in the care, custody and control of the Department of Children and Family Services.

The plan of the continuation of reunification services and the setting of a further permanency review hearing is appropriate and ordered.

The likely date by which the permanent plan will be achieved, or juvenile court jurisdiction will be terminated is Wednesday, January 7, 2026.

For a minor 14 years of age and older: The Court finds that the services set forth in the case plan include those needed to assist the child in making the transition from foster care to successful adulthood.

**Family reunification, maintenance, or enhancement, or reunification services and visitation rights are granted or denied as set forth in the court ordered case plan(s) which are incorporated herein by this reference.**

The Court finds a detriment to the Father visiting with the Minor Shayan.

Family Reunification Services are ordered for the Father over DCFS' objection. Stay is denied.

Court ordered disposition case plan is signed by the Court and filed this date. Said order is incorporated herein by reference.

Department of Children and Family Services is ordered to obtain school records pursuant to Education Code §49077.

The Court orders parents to report to the Financial Evaluator to determine your ability to pay court ordered fees. If you fail to appear as ordered and/or default on a payment plan, the Court will refer this matter to a collection agency with no further notice from the court. To satisfy this debt, your wages may be garnished and your property, including vehicles, may be seized and sold.

**Receipt of Report Hearing is set to December 18, 2025 at 8:30 AM** in Edmund D. Edelman Children's Court Dept. - 417. All appearances are waived, DCFS is ordered to prepare a report.

**21E / 22 Review Hearing is set to January 7, 2026 at 8:30 AM** in Edmund D. Edelman Children's Court Dept. - 417. DCFS is ordered to prepare a report, DCFS is to notice all appropriate parties.

### CLERK'S CERTIFICATE OF MAILING/

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256A**
**IN THE MATTER OF:**
**Bookman, Shayan Ariyah**

**July 1, 2025**
**8:30 AM**

## NOTICE OF ENTRY OF ORDER

I, David W. Slayton, Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Entry of the above minute order of July 1, 2025 and Appeal Rights form(s)** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Monterey Park, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: 7/2/2025

By:    /s/ C. Reyes
C. Reyes, Deputy Clerk

*\*\*Please Note: Pursuant to the "Waiver of Statutory Notice Pursuant to Welfare and Institutions Code Section 248 and 248.5" filed in the County of Los Angeles - Office of the County Counsel, the Los Angeles Dependency Lawyers, Inc., and the Children's Law Center of Los Angeles agree that notice requirements pursuant to any and all applicable law shall be deemed served when the Deputy Clerk completes the above mentioned minute order and this Certificate of Mailing. (A copy of said Waiver of Statutory Notice may be found within the court file and the original located within the Clerk's Office, Edmund D. Edelman Children's Court, Monterey Park, California.)*

Adrianne Lanett Bell
5800 W Arizona Pavilion, #14
Cortaro, AZ, 85652

Clarence Dewayne Bookman, II
5800 W Arizona Pavilion, #14
Cortaro, AZ, 85652

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
## CC417

**23CCJP04256A**
**IN THE MATTER OF:**
**Bookman, Shayan Ariyah**

**July 1, 2025**
**8:30 AM**

Honorable Linda Sun, Judge

C. Reyes, Judicial Assistant                    Mirtha Valdes (#6428) , Court Reporter

---

**NATURE OF PROCEEDINGS:**  TRO-Temporary Restraining Order Hearing

The minor subject to the following orders is: Shayan Ariyah Bookman

Date of birth: 6/13/2010

The matter is called for hearing.
The following parties are present for the aforementioned proceeding:

> Adrianne Lanett Bell, Mother
> Clarence Dewayne Bookman, Father
> Keith Stuart Ross, LADL5 for Mother
> Kimberly S Hollins, LADL4 for Father
> Margaret Elizabeth Brandow, Children's Law
> Center 3 for Minor
> Andrew Leonard Hurley, Deputy County Counsel

Father is served in open Court with the Temporary Restraining Order documentation by the Bailiff this date.

Father continually outbursts in open Court and is escorted from the Courtroom by the Bailiff.

Mother continually outbursts in open Court and leaves the Courtroom of her own volition.

All prior orders not in conflict shall remain in full force and effect.

A Request for a Re-issuance of the Department of Children and Family Services' Temporary Restraining Order against father is filed this date.

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
### CC417

**23CCJP04256A**
**IN THE MATTER OF:**
**Bookman, Shayan Ariyah**

**July 1, 2025**
**8:30 AM**

The Court grants and signs the Re-issuance of the Temporary Restraining Order and sets a new Order to Show Cause hearing date on **Tuesday, July 22, 2025 at 8:30 a.m. in Department Edmund D. Edelman Children's Court  Dept. - 417**.

The Temporary Restraining Order will expire at midnight on 7/22/2025.

A copy of the Temporary Restraining Order signed and filed this date is given to the Court Supervisor by the Clerk for said order to be entered into the CLETS system.

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
## CC417

**23CCJP04256A**
**IN THE MATTER OF:**
**Bookman, Shayan Ariyah**

**July 22, 2025**
**8:30 AM**

Honorable Linda Sun, Judge

J. Vinh Chi, Judicial Assistant

Diana Constancio (#12592) , Court Reporter

---

**NATURE OF PROCEEDINGS:**  TRO-Temporary Restraining Order Hearing

The minor subject to the following orders is: Shayan Ariyah Bookman

Date of birth: 6/13/2010

The matter is called for hearing.
The following parties are present for the aforementioned proceeding:

> Keith Stuart Ross, LADL5 for Mother
> Kimberly S Hollins, LADL4 for Father
> Margaret Elizabeth Brandow, Children's Law Center 3 for Minor
> Elisabeth Carter Appearing for Andrew Leonard Hurley, Deputy County Counsel

> Remote Appearances: Minor's Counsel

Court and counsel confer.

The Court finds that notice is proper.

The Court finds that mother has not appeared at 11:50AM to address her Marsden and Faretta Motions. Said motions are denied.

The Court orders Keith Ross, LADL5, to continue to represent mother over mother's objection.

The Court orders Kimberly Hollins, LADL4, to continue to represent father over father's objection.

CSW Tasha Beard request for a Permanent Restraining Order against father is heard this date.

---

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Juvenile Dependency/Adoption Division
## CC417

**23CCJP04256A**
**IN THE MATTER OF:**
**Bookman, Shayan Ariyah**

**July 22, 2025**
**8:30 AM**

Proof of service that the Temporary Restraining Order was served on said party is filed this date.

Counsel submit on the Restraining order.

The Court grants and signs the restraining order and it is filed this date.  The Permanent Restraining Order will expire at midnight on 7/22/2028.

The father is served with a copy of the Permanent Restraining order after this court hearing.

The following hearing(s) remain in full force and effect:

Receipt of Report Hearing 12/18/2025
21E Review Hearing 01/07/2026


All prior orders not in conflict shall remain in full force and effect.

*Pursuant to Welfare & Institutions Code § 827 and Cal. Rules of Court, rule 5.552: All records and information obtained shall be used only in connection with a related case, if any, and shall not be disseminated or used for any other purpose.*

# Securitization Research Report

### With CUSIP research

for

# Clarence Bookman

## Introduction

A securitization audit is an examination of the documents presented for a particular loan and security transaction and comparing and analyzing them with other available information for the purpose of determining if it has been securitized, and if it was, of identifying the securitizing entity.

If the security/document/letter has been securitized and there are documents to support an analysis, the examiner will also present a computation in approximate terms the gross profit that the trust would have made from securitizing the subject loan and the time it took for the originating lender to recover from the trust the amount it lent to the borrower thereby replenishing its funds for fresh lending.

The examiner has no interest in the outcome of this examination and will perform his task in the highest degree of professional integrity.  All his decisions are exercised with due care and diligence and his conclusions are based on the documents presented coupled with information gathered from the most reliable sources that are available. Where necessary, the sources of these information are cited in this report.

2

## The Documents Presented for Examination

The documents that were presented and which were considered in this examination are enumerated and described below. Sufficient effort has been exerted in obtaining these documents in order to ensure that they are complete and reflect the true state of the loan and the underlying security as of the date of examination. The examiner has added additional documents to support his findings and these are accordingly described as such.

Where, in spite of these efforts some documents could not be obtained, the examiner may not be able to attain the purpose or purposes of the examination for which these documents could have been made the bases, and thus, the examination will not cover these phases and no conclusion could be arrived at for them.

The examiner warrants that these documents were in the same state when they were examined as when they first came into his possession. In spite of the deficiencies as may be noted herein, the documents are treated as true and correct copies of their originals.

- Document(s)

**CLIENT:**
**CLARENCE BOOKMAN**

**NUMBER SEARCHED:**
**CC 23-CCJP-04256-A [CASE]**

**KEY STATISTICS:**
**The Growth Fund of America**
SYMBOL                     CGFEX
CUSIP                      399874809
INCEPTION DATE             3/1/2002
NET ASSETS                 $ 298,542,699,000.00

**OVERVIEW:**

Growth Fund of America seeks growth of capital by investing in common stocks and seeks to invest in companies that appear to offer superior opportunities for growth of capital. The Fund invests primarily in common stocks of large and mid-capitalization issuers.

4

Securitization

## Securitization in General

### Definition

Securitization is the financial process of pooling receivables, such as residential mortgage loans, and using them as guarantee for the issuance of investment certificates which are the sold to the investing public. The collections from the principal and the interest on the loans are used to redeem the certificates and pay for their interest.

### Purpose

In general, the purpose of securitization is to raise money in a relatively shorter period than it takes to collect on the loans. For example, while it may normally take 20 years to redeem 80% of the money being lent to various borrowers from their regular monthly amortizations, the same amount can be generated in as short as three to six months through securitization.

The money raised from securitization is then used for new lending to other borrowers for the same type of loans and the new loans can also be pooled for yet another round of securitization.

The purpose of securitization had to be achieved over and over again and the securitization process had to be repeated as many times – but with a certain urgency. These required the establishment of channels through which loans can be quickly pooled into a central operating unit, making them ready for securitization.

At first, the network which these channels connected consisted of the central lender and its subsidiaries, affiliates, and correspondents. Soon small independent lenders joined in the fray. The reach of the principal networks have to be extended. This gave rise to warehouse lending.[1] Securitization, monetization, selling of various notes, securitization leverage on other type of instruments, etc.

5

Parties

In usual practice, a securitization trust usually has the following parties:

- Originator – the party responsible for generating loans for the trust, either by lending themselves or by acquiring them from other originators. A trust can have more than one originator.

- Seller and/or sponsor – the party who pools the securities/notes from the originators and sells them to the depositor. In some trusts the seller and the sponsor are the same entity, in others they are different, while in still others there is only a sponsor or a seller. When the sponsor is different from the seller, an originator is sometimes referred to as a seller.

- Depositor – the party who simultaneously sells the securities/notes to the trustee. Some early trusts did not have sellers or sponsors. The depositors acquired the secutities/notes directly from the originators.

- Servicer or master servicer – the party who services the securities on behalf of the trust. A servicer could have been servicing the securities before they were securitized and could have been the originator or seller or sponsor. Most trusts that have several servicers also have a master servicer.

- Trustee – the entity who administers the trust. Some trusts only have one trustee while others have an indenture trustee and an owner trustees. Still other trusts that have a trustee also have another party who acts as a co-trustee or a Delaware trustee.

- Custodian – the entity who, on behalf of the trustee, keeps possession of the assets and records of the trust. In some trusts the trustee or indenture trustee also acts as custodian.

6

The Securitization Research



7

The transactions shown in the foregoing diagram are explained as follows (this discussion only involves relevant transactions that affected or could have affected the subject securities and security instrument from granting up to and including those pertaining to the securitization).

| Symbol | Transaction Description |
|---|---|
| | The originating transfers the security to the seller/sponsor. It is only through the seller or sponsor from which the depositor acquires the security for the trust. |
| | The depositor transfers the security to the trust, represented by the trustee. |
| | The trust passes information on the security to the master servicer for purposes of collection on the security |
| | The master servicer remits collections to the trust. |
| | The trustee performs fiduciary duties for the trust. |
| | The certificates are sold to and bought back from the certificateholders. |

8

Comments

**CLIENT:**
**CLARENCE BOOKMAN**

**NUMBER SEARCHED:**
**CC 23-CCJP-04256-A [CASE]**

**KEY STATISTICS:**
**The Growth Fund of America**
| | |
|---|---|
| SYMBOL | CGFEX |
| CUSIP | 399874809 |
| INCEPTION DATE | 3/1/2002 |
| NET ASSETS | $ 298,542,699,000.00 |

**OVERVIEW:**

Growth Fund of America seeks growth of capital by investing in common stocks and seeks to invest in companies that appear to offer superior opportunities for growth of capital. The Fund invests primarily in common stocks of large and mid-capitalization issuers.

9

# Financial Screenshots

CUSIP: 399874809
ISIN: US3998748095











| Ticker | Fund Type | Hedge | Investor Type | Cur | Payment Type | Fees | Min Inv | Assets (M) | Inc |
|---|---|---|---|---|---|---|---|---|---|
| 1) AGTHX US* | Open-End | -- | Retail | USD | Income | 0.61 | 250 | 143,242 | 12 |
| 2) GFACX US | Open-End | -- | Retail | USD | Income | 1.36 | 250 | 3,582 | 03 |
| 3) GFAFX US | Open-End | -- | Institutional | USD | Income | 0.67 | 250 | 6,116 | 03 |
| 4) CGFAX US | Open-End | -- | Institutional | USD | Income | 0.65 | 250 | 14,457 | 02 |
| 5) CGFCX US | Open-End | -- | Institutional | USD | Income | 1.4 | 250 | 311 | 02 |
| 6) CGFEX US | Open-End | -- | Institutional | USD | Income | 0.88 | 250 | 387 | 03 |
| 7) CGFFX US | Open-End | -- | Institutional | USD | Income | 0.72 | 250 | 1 | 09 |
| 8) RGAAX US | Open-End | -- | Institutional | USD | Income | 1.38 | 250 | 307 | 06 |
| 9) RGABX US | Open-End | -- | Institutional | USD | Income | 1.39 | 250 | 2,249 | 05 |
| 10) RGACX US | Open-End | -- | Institutional | USD | Income | 0.94 | 250 | 4,833 | 05 |
| 11) RGAEX US | Open-End | -- | Institutional | USD | Income | 0.64 | 250 | 4,793 | 05 |
| 12) RGAFX US | Open-End | -- | Institutional | USD | Income | 0.34 | 250 | 2,646 | 05 |

*Primary Share Class
Showing Active Market Status

14



**The following section is provided for comparison purposes. For example, comparing a security, to a loan or mortgage to allow for background information to compare to other security interests, court cases, certificates, personal identifiers, etc.**

(The selling, assigning, or transferring of the Agreement should not be confused with the sale of Servicing Rights, which are just the rights to collect money under the Agreement and retain a tiny amount of the proceeds for Servicing Fees). The term "servicing rights" is typically used by Beneficiaries when they claim that their agreement was sold.)

Securitizing an Agreement
Offering credit instruments for sale to the general public or individual investors is known as securitization. There are numerous considerations with this approach. These stages were often included in the securitization process:

- A company would reach a consensus with other organizations over the issuance of a "Series of Bonds" for public sale. Alternatively put, the company "pre-sold" the bonds.
- A bank would be approached by the Wall Street firm, which would typically propose a warehouse line of credit. Due to the original Pooling & Servicing Agreement Guidelines and Purchase Agreement, limitations would apply to the Warehouse Line.  Prior to and following the Agreement's sale to Wall Street, these documents described the processes for the Agreement's establishment and administration.
- With the rules in hand, the Bank effectively sought out individuals who met the general criteria of the Purchase deal and identified themselves as "buyers" for the deal.  The majority of individuals could meet the guidelines since they were so broad. When the Bank had enough money to sell the Agreement to the Wall Street company so that it could issue bonds, it would carry out the Agreement and collect payments.
- After obtaining the required funding, the Originator would transfer ownership of the Agreement to the "Sponsor," which may be a Wall Street business subsidiary, a corporation specifically established for that purpose, or a bank Special Purpose Vehicle (SPV).  As of right now, the Agreement is divided into "tranches," which will ultimately become bonds.
- The "Depositor" was then "assigned," or "sold," the Agreement.  With just one goal in mind, this was a "Special Purpose Vehicle."  In doing so, a "bankruptcy remote vehicle" was intended to be established, wherein the Agreement is "protected" from the Bank and/or the Bank is shielded from potential harm to the Agreement.  Once more, the Wall Street company or the Agreement would establish the "Depositor".
- After that, the instruments would be assigned by the "Depositor" to the Issuing Entity, a different company established specifically to sell bonds.

Ultimately, a Trustee would be chosen to oversee the bondholders' monthly payments after the bonds were sold.

16



Debt Validity Argument + Additional Arguments

Debt Collection Validity
-   If a debt cannot be validated, there can be no collection of it. This is established by 15 USC 1692g(b).
-   Disputed Debts a debt collector must cease collection of the debt until it is validated.

18 U.S. Code § 241 - Conspiracy against rights

# Research Report

With CUSIP research

for

# Adrianne Bell

Case Identifier

Introduction

A securitization audit is an examination of the documents presented for a particular loan and security transaction and comparing and analyzing them with other available information for the purpose of determining if it has been securitized, and if it was, of identifying the securitizing entity.

If the security/document/letter has been securitized and there are documents to support an analysis, the examiner will also present a computation in approximate terms the gross profit that the trust would have made from securitizing the subject loan and the time it took for the originating lender to recover from the trust the amount it lent to the borrower thereby replenishing its funds for fresh lending.

Note: This is a basic level 1 search.
CUSIP is an associated cusip
There can be multiple results using level 1 search.
General search.

2

## The Documents Presented for Examination

The documents that were presented and which were considered in this examination are enumerated and described below. Sufficient effort has been exerted in obtaining these documents in order to ensure that they are complete and reflect the true state of the loan and the underlying security as of the date of examination. The examiner has added additional documents to support his findings and these are accordingly described as such.

Where, in spite of these efforts some documents could not be obtained, the examiner may not be able to attain the purpose or purposes of the examination for which these documents could have been made the bases, and thus, the examination will not cover these phases and no conclusion could be arrived at for them.

The examiner warrants that these documents were in the same state when they were examined as when they first came into his possession. In spite of the deficiencies as may be noted herein, the documents are treated as true and correct copies of their originals.

- Document(s)
- Identifier

CASE NUMBER:
23CCJP04256A, 23CCJP04256B, 23CCJP04256C,
23CCJP04256D

3

## Search Analysis:

The results of the level 1 search:



CUSIP. 74254V695



# Securitization

## Securitization in General

### Definition

Securitization is the financial process of pooling receivables, such as residential mortgage loans, securities, security instruments, etc. and using them as guarantee for the issuance of investment certificates which are the sold to the investing public. The collections from the principal and the interest on the loans are used to redeem the certificates and pay for their interest.

### Purpose

In general, the purpose of securitization is to raise money in a relatively shorter period than it takes to collect on the loans. For example, while it may normally take 20 years to redeem 80% of the money being lent to various borrowers from their regular monthly amortizations, the same amount can be generated in as short as three to six months through securitization.

The money raised from securitization is then used for new lending to other borrowers for the same type of loans and the new loans can also be pooled for yet another round of securitization.

The purpose of securitization had to be achieved over and over again and the securitization process had to be repeated as many times – but with a certain urgency. These required the establishment of channels through which loans can be quickly pooled into a central operating unit, making them ready for securitization.

At first, the network which these channels connected consisted of the central lender and its subsidiaries, affiliates, and correspondents. Soon small independent lenders joined in the fray. The reach of the principal networks have to be extended. This gave rise to warehouse lending.[1] Securitization, monetization, selling of various notes, securitization leverage on other type of instruments, etc.

---

5

Parties

In usual practice, a securitization trust usually has the following parties:

- Originator – the party responsible for generating loans for the trust, either by lending themselves or by acquiring them from other originators. A trust can have more than one originator.

- Seller and/or sponsor – the party who pools the securities/notes from the originators and sells them to the depositor. In some trusts the seller and the sponsor are the same entity, in others they are different, while in still others there is only a sponsor or a seller. When the sponsor is different from the seller, an originator is sometimes referred to as a seller.

- Depositor – the party who simultaneously sells the securities/notes to the trustee. Some early trusts did not have sellers or sponsors. The depositors acquired the secutities/notes directly from the originators.

- Servicer or master servicer – the party who services the securities on behalf of the trust. A servicer could have been servicing the securities before they were securitized and could have been the originator or seller or sponsor. Most trusts that have several servicers also have a master servicer.

- Trustee – the entity who administers the trust. Some trusts only have one trustee while others have an indenture trustee and an owner trustees. Still other trusts that have a trustee also have another party who acts as a co-trustee or a Delaware trustee.

- Custodian – the entity who, on behalf of the trustee, keeps possession of the assets and records of the trust. In some trusts the trustee or indenture trustee also acts as custodian.

6

## The Securitization Research



The transactions shown in the foregoing diagram are explained as follows (this discussion only involves relevant transactions that affected or could have affected the subject securities and security instrument from granting up to and including those pertaining to the securitization).

| Symbol | Transaction Description |
|---|---|
|  | The originating transfers the security to the seller/sponsor. It is only through the seller or sponsor from which the depositor acquires the security for the trust. |
|  | The depositor transfers the security to the trust, represented by the trustee. |
|  | The trust passes information on the security to the master servicer for purposes of collection on the security |
|  | The master servicer remits collections to the trust. |
|  | The trustee performs fiduciary duties for the trust. |
|  | The certificates are sold to and bought back from the certificateholders. |

8

**The following section is provided for comparison purposes. For example, comparing a security, to a loan or mortgage to allow for background information to compare to other security interests, court cases, certificates, personal identifiers, etc.**

(The selling, assigning, or transferring of the Agreement should not be confused with the sale of Servicing Rights, which are just the rights to collect money under the Agreement and retain a tiny amount of the proceeds for Servicing Fees). The term "servicing rights" is typically used by Beneficiaries when they claim that their agreement was sold.)

Securitizing an Agreement
Offering credit instruments for sale to the general public or individual investors is known as securitization. There are numerous considerations with this approach. These stages were often included in the securitization process:

- A company would reach a consensus with other organizations over the issuance of a "Series of Bonds" for public sale. Alternatively put, the company "pre-sold" the bonds.
- A bank would be approached by the Wall Street firm, which would typically propose a warehouse line of credit. Due to the original Pooling & Servicing Agreement Guidelines and Purchase Agreement, limitations would apply to the Warehouse Line.  Prior to and following the Agreement's sale to Wall Street, these documents described the processes for the Agreement's establishment and administration.
- With the rules in hand, the Bank effectively sought out individuals who met the general criteria of the Purchase deal and identified themselves as "buyers" for the deal.  The majority of individuals could meet the guidelines since they were so broad. When the Bank had enough money to sell the Agreement to the Wall Street company so that it could issue bonds, it would carry out the Agreement and collect payments.
- After obtaining the required funding, the Originator would transfer ownership of the Agreement to the "Sponsor," which may be a Wall Street business subsidiary, a corporation specifically established for that purpose, or a bank Special Purpose Vehicle (SPV).  As of right now, the Agreement is divided into "tranches," which will ultimately become bonds.
- The "Depositor" was then "assigned," or "sold," the Agreement.  With just one goal in mind, this was a "Special Purpose Vehicle."  In doing so, a "bankruptcy remote vehicle" was intended to be established, wherein the Agreement is "protected" from the Bank and/or the Bank is shielded from potential harm to the Agreement.  Once more, the Wall Street company or the Agreement would establish the "Depositor".
- After that, the instruments would be assigned by the "Depositor" to the Issuing Entity, a different company established specifically to sell bonds.

Ultimately, a Trustee would be chosen to oversee the bondholders' monthly payments after the bonds were sold.

9



Debt Validity Argument + Additional Arguments

Debt Collection Validity

- If a debt cannot be validated, there can be no collection of it. This is established by 15 USC 1692g(b).
- Disputed Debts a debt collector must cease collection of the debt until it is validated.

18 U.S. Code § 241 - Conspiracy against rights

11

## JUDICIAL NOTICE OF CASE LAW

(Pursuant to FRE 201, FRCP 60(d), and 28 U.S.C. § 1651)

Petitioner, appearing in pro per and sui juris, gives judicial notice of the following binding precedents which control the instant matter and require vacatur of void judgments procured by fraud or entered without jurisdiction:

---

### 1. United States v. Throckmorton, 98 U.S. 61 (1878)

Fraud vitiates everything. A judgment obtained by fraud is void and cannot be sustained in law or equity.

### 2. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)

The Supreme Court recognized the inherent power and duty of federal courts to vacate judgments obtained through fraud on the court, even years after entry.

### 3. Ex parte Lange, 85 U.S. (18 Wall.) 163 (1874)

A judgment rendered without jurisdiction is void ab initio and must be vacated. The Court has no authority to enforce a void judgment.

### 4. Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348 (1920)

A judgment rendered by a court without jurisdiction is a legal nullity. Such a judgment is subject to attack at any time and may not be given effect.

---

### NOTICE AND DEMAND

Petitioner demands that this Court take judicial notice of the above controlling authorities. These cases establish, as a matter of settled federal law, that judgments entered without jurisdiction or by fraud upon the court are void ab initio and must be vacated without further fact-finding.

---

**Date:** September, 2025

**Respectfully submitted,**