UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANNE BELL,<br><br>    Plaintiff,<br>  v.<br>DCFS WATERIDGE,<br><br>    Defendant. | No. 2:25-cv-08473-AB-AJR<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** |

## I.

## INTRODUCTION

On September 4, 2025, *pro se* Plaintiff Adrianne Bell ("Plaintiff") filed a "Verified Petition for Writ of Scire Facias to Vacate Void Judgment Under FRCP 60(d)(1), FRCP 60(d)(3), and 28 U.S.C. § 1651 (All Writs Act)" against DCFS Wateridge (the "Petition"). (Dkt. 1.) The Petition is difficult to understand and includes eighty-seven pages of attachments with unclear relevance. (Id.) However, Plaintiff appears to be requesting that the Court vacate a judgment entered by the Los Angeles County Superior Court in Case No. 23CCJP04256D. (Id. at 33-88.) Plaintiff asserts that judgments entered without jurisdiction or by fraud upon the

court are void *ab initio* and must be vacated without further fact-finding. (Id. at 84.) Plaintiff appears to request that the judgment of the Los Angeles County Superior Court be vacated under Federal Rule of Civil Procedure 60(d). (Id.)

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (*per curiam*) (internal quotation marks and citation omitted). Accordingly, this Court has reviewed the Petition and believes that it should decline jurisdiction over this action for the reasons outlined below.

## II.
## DISCUSSION

Plaintiff's claims implicate the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal district courts are precluded from reviewing state court judgments in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." Brown v. Duringer Law Grp. PLC, 86 F.4th 1251, 1254 (9th Cir. 2023) (internal quotation marks omitted); Mothershed v. Justices of Supreme Court, 410 F.3d 602, 606 (9th Cir. 2005). The U.S. Supreme Court is the only federal court with jurisdiction to hear such an appeal through a petition for writ of certiorari. See Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003).

To determine whether the Rooker-Feldman doctrine is applicable, a federal district first must "determine whether the action contains a forbidden *de facto* appeal of a state court decision." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) (italics added). "A *de facto* appeal exists when a federal plaintiff [1] asserts as a legal wrong an allegedly erroneous decision by a state court, and [2] seeks relief from a state court judgment based on that decision." Id. (internal quotation marks

omitted and italics added). "Proceedings end for Rooker-Feldman purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other issues remain pending at the state level." Mothershed, 410 F.3d at 604 n.1.

Second, only when a federal plaintiff "complains of harm caused by a state court judgment that directly withholds a benefit from . . . [them] based on an allegedly erroneous ruling by that court," must the district court determine whether the federal claims are "inextricably intertwined with the state court's [ruling]." Hooper v. Brnovich, 56 F.4th 619, 624 (9th Cir. 2022) (internal quotation marks, brackets, and citation omitted). Claims are inextricably intertwined if "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Id. (internal quotation marks omitted). Stated plainly, "the United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).

Here, Plaintiff's claims are brought under Federal Rule of Civil Procedure 60(d)(1) and 60(d)(3). (Dkt. 1 at 1.) Rule 60, however, only authorizes a federal district court to set aside one of its own judgments or orders, and not a judgment or order of another court. See Holder v. Simon, 384 Fed. Appx. 669 (9th Cir. 2010) ("The district court properly dismissed Holder's complaint sua sponte because Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."); see also de Mol v. Grand Canyon Title Agency, 2010 WL 4269534, at *1 (D. Ariz. Oct. 25, 2010) ("Plaintiffs seek relief under Rule 60(b) of the Federal Rules of Civil procedure, but that is not the appropriate mechanism for challenging the validity of a state court's judgment." (internal quotation marks omitted)) (collecting cases).

Moreover, Plaintiff appears to challenge "[a]ll orders and judgments entered against bonded trust estate property without jurisdiction . . . ." (Dkt. 1 at 1.)

However, a request to declare a state court judgment void "is squarely barred by Rooker-Feldman." Henrichs v. Valley View Dev., 474 F.3d 609, 614 (9th Cir. 2007). Thus, Plaintiff's Petition appears to constitute a classic *de facto* appeal of the state court's orders and judgments.

### III.
### ORDER

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of jurisdiction on or before **December 29, 2025**. Plaintiff may satisfy this Order by filing a response, signed under penalty of perjury, explaining any reason why this Court has jurisdiction over the action in light of the legal analysis set forth above. Plaintiff is warned that failure to timely respond to this Order may result in a recommendation that this action be dismissed without prejudice for failure to obey court orders and/or failure to prosecute. If Plaintiff no longer wishes to pursue this action, Plaintiff may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for convenience.

IT IS SO ORDERED.

DATED: December 8, 2025

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).